MERCANTILE TRUST CO. v. CHICAGO, P. & ST. L. RY. CO. et al.

(Circuit Court, S. D. Illinois. December 4, 1893.)

RIGHT TO FORECLOSE TRUST DEED.

A railroad mortgage provided that, until default, the mortgagor should be permitted to remain in possession. It also provided that in case of default in the payment of interest, and such default should continue for six months, it should be the duty of the trustee to take appropriate proceedings at law or in equity to enforce the rights of the holders of bonds upon a requisition of holders of at least one-third in amount of the bonds. *Held* that, whatever right a bondholder has, he has the right to have the trustee enforce for his benefit, and that therefore the trustee could file a bill to foreclose, upon default in the payment of interest, although such default had not continued for six months.

This was a suit by the Mercantile Trust Company for foreclosure of a mortgage given by the defendant the Chicago, Peoria &

St. Louis Railway Company and others, upon default in the payment of interest.    Defendant demurred.

Article 2 of the mortgage provided that "until default shall be made by said party of the first part, its successors or assigns, in the payment of interest or principal of said bonds, or in the due observance of the covenants or agreements hereinafter contained on the part and behalf of the said party of the first part, the said party of the first part, its successors and assigns, shall be suffered and permitted to remain in the actual possession of said railway and premises, and to exercise the franchises and rights relating thereto, and to collect, receive, and use revenues and profits thereof in any manner which will not impair the lien created by these presents." Article 3 of the mortgage provided that in case default should be made in any semiannual installment of interest, when such interest should become due and be demanded, and such interest, or any part thereof, should remain unpaid and in arrears for the period of six months, or in case default should be made in the due observance and performance of the covenant of further assurance in said mortgage, or in the payment of any taxes, assessments, or other governmental charges, and either of said defaults should continue for the period of six months, or, in case default should be made in the payment of the principal of said bonds, or of any one of them, it should be lawful for the trustee to enter into and upon the railway and premises thereby granted, and the same, and all and singular the rights and franchises thereby granted, to have, hold, and enjoy, operating the same, making repairs, replacements, useful alterations and improvements, and to collect and receive the revenues and profits, and, after deducting expenses, to apply the revenues and profits in payment of overdue interest.    Article 5 of the mortgage provided that in case default should be made in payment of any semiannual installment of interest, and said interest should remain unpaid and in arrears for six months, the principal of all the bonds might be declared, by the trustee or by a majority in interest of the holders of the bonds outstanding and unpaid, to be, and thereupon the same should become, due. Article 6 of said mortgage should be as follows: "Article 6. It is hereby expressly declared and agreed that in case default shall be made in payment of interest upon any of the said bonds, when such interest shall become due and be demanded, and such default shall continue for the space of six months, or in case default shall be made in the payment of the principal of any of the said bonds when the same shall become due, then, and in either and every such case of default, it shall be the duty of the trustee for the time being, under these presents, to take appropriate proceedings at law or in equity to enforce the rights of the holders of said bonds upon a requisition to that effect being made upon the said trustee, signed by holders of at least one-third in amount of the said bonds then outstanding."    The bill alleged that on September 1, 1893, there became due and payable the semiannual installment of interest, amounting to the sum of $37,500; that default was made in payment thereof; that the coupons evidencing such interest were presented for payment at the place where the same were payable, and payment thereof was demanded and refused; that default was made in payment of such interest; and that such default and failure to pay the same still continues. The bill also alleged that the holders of a large amount in value of said bonds outstanding have in writing requested complainant to enforce the remedies provided in said mortgage; and that said railway company is insolvent, and unable to pay its floating debt and current and presently accruing indebtedness; that the mortgaged property is insufficient and inadequate security for the payment of the outstanding bonds secured by the said mortgage; and that there is danger that the said property may be sold under judgments; and that the property and lines of said company may be separated and broken up, and the earning capacity destroyed or impaired, by the contests of creditors for conflicting claims, and the mortgaged premises wasted and depleted.

C. B. Alexander and Peck, Miller & Starr, for complainant.

C. M. Osborne and I. L. Morrison, for defendant Chicago, P. & St. L. Ry. Co.

Bluford Wilson, for certain intervening petitioners.

Before WOODS, Circuit Judge, and ALLEN, District Judge.

WOODS, Circuit Judge (orally, after stating the facts). The sharp question presented by the demurrer is whether the sixth clause of the mortgage is a limitation on the right of the trustee to foreclose for interest which is not six months overdue. It is conceded that the mortgage is a security for that interest, and may be enforced by the beneficiaries of the trust, the bondholders; but it is insisted that the trustee has no right to sue until there has been a lapse of six months since the interest became due. That, I think, is the controlling question of the case. I do not think there is any right secured to the mortgagee which is not represented by the trustee. Whatever right a bondholder has under the mortgage, he has a right to have the trustee enforce for his benefit. It is for that purpose a trustee is chosen. It being conceded, therefore, that there is a right of foreclosure, my view is that the right is one which may be exercised by the trustee. This is therefore a good bill for foreclosure. A reference to particular provisions of the mortgage would fortify this conclusion, but it is unnecessary to go much into details. I have already, during the hearing, indicated the main thought. The second article of the mortgage, which limits the right of the mortgagor to continue in possession until default in some of the conditions named, would be made meaningless by the construction proposed; and it will not do, as has been suggested, to say that the entire article was inserted carelessly, and should be regarded as having no force, unless, indeed, the other provisions of the instrument are such as to make it necessary to disregard this one. If there can be a reasonable interpretation put upon the whole mortgage which will give this clause significance, and otherwise it would be without meaning, that interpretation ought to be adopted. The language of the article is: "Until default shall be made," and so forth, "the mortgagor shall be entitled to remain in possession;" and, if under that provision a bondholder may terminate that possession by foreclosing the mortgage, the trustee, as already stated, may do it for him. It is claimed, and I think correctly, that the trustee's right to take possession under the third article is limited to cases where interest has been overdue for six months; and it is insisted that his right to foreclose and to procure a receiver to take possession under the order of the court is likewise limited. If that were so, then the possession of the mortgagor could not be disturbed for any default until after the lapse of six months, and the second article would be entirely nugatory; and, without the consent of the holders of two-thirds of the bonds, there could be no foreclosure,—a proposition by which the minority might nullify the rights of the majority.

Now, I have not examined the cases which have been cited critically enough to undertake to say with certainty what the line of discrimination is, but I have the impression it is about here. A mortgage is a security for a debt. A failure to pay the debt, in whole or in part, when it is due, is necessarily a breach. That is an inherent or essential feature of a mortgage, and the right to enforce

the security in court is not to be construed away, or regarded as limited, except by clear expression. In the case of Guaranty Trust, etc., Co. v. Green Cove, etc., R. Co., 139 U. S. 137, 11 Sup. Ct. 512, it is held that it cannot be absolutely abrogated. That is authoritatively settled; whether upon good reason need not be considered. The cases cited wherein the right of the trustee was declared to be restricted have reference to special powers to be exercised by the trustee without the aid or order of a court,—powers not necessarily inherent in or essential to the very definition of a mortgage. The right of a trustee to take possession is not essential. It may or may not exist, and when it is given in connection with clauses that limit the exercise of it, even though the terms used be permissive, they will be regarded as exclusive. And so, too, a right to sell at public auction without foreclosure, and like special powers, will be considered as controlled by such limitations as the mortgagor chooses to impose. Counsel has insisted upon the significance of the case of Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. 10, where the court says that if, as a matter of fact, the principal debt had been declared due, still the trustee would not have been entitled to sue for a foreclosure of that part of the debt without averring the request of the bondholders provided for in the clause of the mortgage then under consideration. Counsel asked: "How is that to be distinguished from a suit to foreclose for the interest which has become due?" If the trustee has it within his power to declare, and declares, the principal debt due, that is then as much due as the interest, and therefore the rule with reference to them must be the same. That is the argument, and it is certainly not without a good deal of force; but in the same case we find the court saying that either the trustee or the bondholders might have a foreclosure for default in the payment of the interest; and the reason for the distinction is given at length in the opinion. I think this is a good bill for foreclosure of the mortgage. The averments of insolvency make it a good bill for the appointment of a receiver, and the demurrer will be overruled.