## ARMOUR et al. v. WAXAHACHIE GAS CO.

### No. 6358.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1931.

Rehearing Denied Jan. 9, 1932.

J. C. Muse, of Dallas, Tex., for appellants.

Alex F. Weisberg, Rosser J. Coke, and John C. Robertson, all of Dallas, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

On April 4, 1928, in the District Court of the United States for the Northern District of Texas, Union Trust Company, a corporation of Michigan, filed a bill against Waxahachie Gas Company, a corporation of Arizona, to foreclose as trustee for bondholders a mortgage upon real and personal property located within said district, and a receiver was appointed the next day. The defendant, appearing for that purpose only, promptly filed a plea of want of jurisdiction and venue in the district. A hearing was not pressed for three years, the receiver meanwhile operating the properties and accumulating profits of over $40,000. Bondholders having $34,000 of bonds were allowed to intervene in support of the bill, and bondholders owning $102,000 of bonds intervened to oppose the same; $14,000 of bonds remaining unrepresented except by the trustee. Another intervener claimed the profits in the receiver's hands as against the bondholders. On May 5, 1931, upon a hearing on the pleadings only, supplemented by a copy of the mortgage, the plea of no venue was sustained, the bill and all interventions were dismissed, the receiver discharged, and all costs adjudged against complainant and the minority interveners. The last mentioned appeal.

The interventions are in subordination to the bill, and may be disregarded. The bill is between corporations of different states which are presumed to be citizens of different states, and the matter in controversy, even when restricted to the past-due interest coupons which for this purpose are principal, far exceeds the sum of $3,000. There is therefore jurisdiction in the federal courts under 28 U. S. C. § 41 (1), 28 USCA § 41 (1). The venue, however, under 28 U. S. C. § 112 (a), 28 USCA § 112 (a), should be only in the district of residence of plaintiff or defendant. The exception made in 28 U. S. C. § 118, 28 USCA § 118, is relied on in that the bill is one to enforce a lien on property within the district. The defendant thereupon denies that it is a sufficient bill for that purpose because of the restrictions on foreclosure contained in the mortgage in that the principal of the bonds was not due, and though there were nine and one-half years of defaulted interest amounting to $71,250, the holders of a majority of the bonds had not requested foreclosure, and the trustee had not exercised an independent discretion, but had acted on the demand of a minority. We recognize that agreements in instruments which secure bond-issues may validly restrict and condition the time and manner of foreclosure, and give large control to the holders of a majority of the bonds, Employers' Reinsurance Corp. v. Boston Mutual Life Ins. Co. (C. C. A.) 45 F.(2d) 593; provided they do not altogether oust the jurisdiction of the courts, Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs & M. R. R. Co., 139 U. S. 137, 11 S. Ct. 512, 35 L. Ed. 116. Such restrictive agreements are to be strictly construed and a provision for extrajudicial sale will not of itself exclude judicial remedies nor extend the conditions precedent to extrajudicial action also to proceedings in court. Guaranty Trust & S.-D. Co. v. Green Cove Springs & M. R. R. Co., supra; Morgan's Louisiana & Texas R. & S. Co. v. Texas Central R. R., 137 U. S. 171, 11 S. Ct. 61, 34 L. Ed. 625.

The mortgage here involved in article 10 provides that after a default for ninety days in the payment of any semiannual interest, the trustee may take possession and operate the property. Article 11 provides that on such ninety-day default if a majority of outstanding bonds elect, and so notify the trustee, the trustee shall declare

all principal due and payable, and upon such majority request may sell the property at public auction. It is then provided that these powers of entry and sale are cumulative to proper court proceedings at law or in equity, and that the trustee in case of default or act or omission to the detriment of the bondholders or of the security *may* at its discretion, and on request of and on indemnification by the holders of a majority of the bonds *shall*, pursue proper legal remedies. "It is understood and agreed that no suit or proceeding for the foreclosure of this mortgage shall be instituted or prosecuted by the holders of any bond or bonds of this issue until after the trustee shall have been requested in writing to take such proceedings, and an offer of indemnity satisfactory to it shall have been made to it, and said trustee shall have refused to comply with such request." Article 14 specifies the formal details of the mandatory request to act by the majority, and adds: "Providing that in the meantime and until such requisition by a majority of the bondholders shall have been made as above provided, the trustee shall have full power and authority to commence and prosecute such proceedings at law and in equity from time to time as it may deem necessary or proper for the due protection and enforcement of the rights of the bondholders or any of them under these presents." These stipulations give the trustee free access to the courts at all times to protect the rights of any bondholder, while denying to the bondholders any individual enforcement of the mortgage except through the trustee unless the trustee shall refuse to act. Majority control is limited to authorizing an auction sale without court process, and to compelling court action by the trustee, and to authorizing and requiring the acceleration of the maturity of the principal. So far as now appears, the trustee was without any authority to declare the principal of the bonds due by acceleration, and the foreclosure for the principal debt cannot stand. Chicago, D. & V. R. Co. v. Fosdick, 106 U. S. 47, 1 S. Ct. 10, 27 L. Ed. 47. But by the same authority it is good for the past-due interest. This interest is represented by separate coupons which are promissory notes, due absolutely at specified dates. The mortgage explicitly secures them equally with the principal bonds, and is conditioned for the payment of the several bonds and coupons at the time and in the manner therein prescribed. The matured coupons are past-due installments of the mortgage debt. The mortgaged property may be brought to sale for their payment if the default is not removed, the court controlling any surplus for the eventual payment of future instalments. No provision of this mortgage stands in the way of each coupon-holder having his money when due. Chicago, D. & V. R. Co. v. Fosdick, 106 U. S. 47, 1 S. Ct. 10, 27 L. Ed. 47; Guardian Trust Co. v. Cement Co. (C. C.) 109 F. 523; Toler v. East Tennessee Ry. Co. (C. C.) 67 F. 168; Mercantile Trust Co. v. M., K. & T. R. Co. (C. C.) 36 F. 221, 1 L. R. A. 397; Mercantile Trust Co. v. C., P. & St. L. R. Co. (C. C.) 61 F. 372; Beekman v. Hudson River Ry. Co. (C. C.) 35 F. 3, 4; Farmers' Loan & Trust Co. v. C. & A. Ry. (C. C.) 27 F. 146.

The final contention is that the bill is not the discretionary act of the trustee, but is the bill of the minority bondholders who requested its filing. The bill is in the name of the trustee, states that the complainant acted, "exercising the discretion vested in it by said mortgage, and at the request of holders of bonds issued thereunder," and has never been disavowed. The minority bondholders sought relief through the trustee as required by the mortgage. If the trustee had refused to act, the bondholders might have brought their own bill. The trustee acted in response to their request, and thereby prevented individual action by the bondholders. If the action of the trustee is now held not valid because requested, the bondholders become mocked of justice. The bill of the trustee which prevented the bondholders from suing must be held effectual to assert their rights. Farmers' Loan & Trust Co. v. N. Y. & Northern R. R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689, is distinguishable. The trustee there filed its bill under a supposed compulsory request by majority bondholders. It turned out that the person making the request was not the owner of the bonds, so that the bill was filed under a mistake. The present bill asserts a good right to enforce a lien, at least to the extent of past-due interest, upon property located in the district, and should not be dismissed for improper venue. Louisville & Nashville R. R. Co. v. Western Union Telegraph Co., 234 U. S. 369, 34 S. Ct. 810, 58 L. Ed. 1356.

Judgment reversed.